UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES PILOT,

        Petitioner,

vs.

43RD JUDICIAL DISTRICT
COURT, et al.

        Respondent.
_____/

Case No. 16-cv-14382
Hon. Mark A. Goldsmith

**ORDER**
**DIRECTING CLERK'S OFFICE TO RECLASSIFY COMPLAINT AS A HABEAS CORPUS PETITION, DIRECTING THE FINANCIAL DEPARTMENT TO REFUND PLAINTIFF'S FILING FEE, AND DISMISSING CASE WITH PREJUDICE**

On December 16, 2016, Petitioner filed a writ of habeas corpus in connection with a dispute he is having with the City of Hazel Park and Michigan's 43rd District Court (Dkt. 1). Observing that a habeas petition is reserved for those who are incarcerated, this Court converted Petitioner's petition into a civil complaint and changed his party designation from petitioner to plaintiff (Dkt. 16). Thereafter, Petitioner was ordered to either submit a filing fee or an application to proceed in forma pauperis (Dkt. 19). Petitioner — then, Plaintiff — paid the fee.

Since then, Petitioner consistently has objected to this Court's conversion of his petition for habeas corpus to a civil complaint. See generally Pet. Resp. to 6/27/2017 Show Cause Order (Dkt. 25); Pet. Resp. to 8/2/2017 Order (Dkt. 27). The conversion even forms one basis for a lawsuit filed by Petitioner in the United States District Court for the District of Columbia. See Pet. Resp. to 8/2/2017 Order at 18 (cm/ecf page) (excerpt of complaint). Accordingly, this Court instructs the Clerk's Office to reclassify Petitioner's action as a habeas petition.

1

Under Rule 4 of the Rules Governing Habeas Petitions, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Here, because Petitioner is not in custody and does not claim a right to be released, it is apparent that he is not entitled to relief. See Thrower v. City of Akron, 43 F. App'x 767, 768 (6th Cir. 2002) (district court lacked jurisdiction to entertain habeas petition because petitioner, who had been fined but not imprisoned, "did not meet the 'in custody' requirement"). His petition, and therefore the action, are dismissed.

Petitioner also indicates that he paid the filing fee by mistake; and, in any case, a filing fee is not required for a habeas action. The Financial Department is, therefore, ordered to refund Petitioner's filing fee that was docketed on February 3, 2017, by mail, or make it available for pickup if the mailed copy is returned undeliverable, as many (but not all) mailings from this Court to Petitioner have been.

The petition for a writ of habeas corpus (Dkt. 1) is dismissed with prejudice and the case is closed.

SO ORDERED.

Dated: August 18, 2017             s/Mark A. Goldsmith
   Detroit, Michigan            MARK A. GOLDSMITH
                                   United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2017.

                                   s/Karri Sandusky
                                   Case Manager